## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

EDWARD F. SMITH, individually and as class
representative on behalf of all similarly situated persons,

      Plaintiff,

v.                                  Case No.: 2:11-cv-02113-PKH

AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA,

      Defendant.
_____

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

This putative class action asserts Arkansas state law claims only, seeks certification of a class of Arkansas residents only, and was filed in Arkansas state court.  *See* Complaint, attached to Notice of Removal.  Plaintiff only asserts a claim for breach of contract for Arkansas residents affected by transactions which occurred solely in Arkansas.  Nonetheless, Defendant American Bankers Insurance Company of Florida ("American Bankers") improperly removed the case to this Court claiming jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2)(A).  *See* Notice of Removal at ¶ 3.

However, CAFA jurisdiction does not exist in this case because the amount in controversy as a legal certainty does not exceed $5 million.  In fact, when filing his state court Complaint, Plaintiff filed an affidavit expressly stipulating that the amount in controversy herein will not exceed $5 million.  *See* Sworn and Binding Stipulation of Edward Smith, attached as Ex. A to Complaint.  Even if this binding stipulation is ignored, American Bankers has failed to meet

its burden to establish the requisite amount in controversy by a preponderance of the evidence.[1] Because this Court lacks jurisdiction, Plaintiff moves to remand this case to the Circuit Court of Crawford County, Arkansas.

## II.  STATEMENT OF FACTS

Plaintiff alleges that American Bankers failed to properly pay insureds for general contractor's overhead and profit ("GCOP") under the terms of its insurance policies.  GCOP is simply the fee paid for the services of a general contractor and is owed by American Bankers when certain circumstances arise under a homeowner's loss.  *See* Complaint at ¶ 2, attached to Notice of Removal.  Plaintiff's Complaint asserts a cause of action for breach of contract related to these alleged underpayments and asserts no other claims or causes of action.  *See* Complaint, attached to Notice of Removal.  Plaintiff specifically states that he is only seeking damages suffered as a result of American Bankers' breach of contract in Arkansas.  *See* Complaint at ¶ 31 and Prayer for Relief, p. 12, attached to Notice of Removal.

## III.  PROCEDURAL HISTORY

Plaintiff filed this action in the Circuit Court of Crawford County, Arkansas on May 6, 2011.  American Bankers indicates it received service of the Summons and Complaint on May 23, 2011.  *See* Notice of Removal at ¶ 1.  The Notice of Removal was filed in this Court on June 21, 2011.  *Id*.  The sole basis of federal subject-matter jurisdiction raised by American Bankers in its Notice of Removal is the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).  *Id*. at ¶ 3.

---

[1] As discussed herein, American Bankers' own calculation of all damages associated with Plaintiff's breach of contract claim are at most $3,157,445.  In a desperate attempt to create federal jurisdiction, American Bankers attempts to rewrite Plaintiff's Complaint to meet the jurisdictional amount for CAFA.

# IV.  ARGUMENT

## A.     Removal jurisdiction and CAFA.

A claim may be removed to federal court "only if it could have been brought in federal court originally."  *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996).  The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum.  *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008).  Where the defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving that the jurisdictional threshold is satisfied.  *Bell v. Hershey,* 557 F.3d 953, 956 (8th Cir. 2009); *In re Minn. Mut. Life Ins. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

"The enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint."  *Bell,* 557 F. 3d at 956; *see also Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005).   As a result, just as with a non-CAFA case, "to ensure that any attempt to remove [will be] unsuccessful," a CAFA plaintiff simply needs to include "a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand."  *Bell,* 557 F.3d at 958.  In the present case, Plaintiff included precisely such a binding stipulation with his Complaint.

CAFA also did not impact "the traditional rule that the party attempting to remove bears the burden of establishing subject matter jurisdiction."  *Bell,* 557 F. 3d at 956, citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).  "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence."  *Bell,* 557 F.3d at 956. Thus, it is American Bankers who must demonstrate by a preponderance of the evidence that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial,

that the damages that the class suffered are greater than $5 million. *See Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002).

"Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co*., 478 F.3d 965, 968 (8th Cir. 2007); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). "As a general matter, then, a removing defendant has a more onerous burden to establish the requisite amount in controversy than does a plaintiff who initially files a case in federal court." *Russell v. B-Sew Inn, LLC,* 2008 WL 4831448, *2 (W.D. Ark., November 04, 2008), *citing Kopp,* 280 F.3d at 883.

**B.      The binding stipulation filed in state court before removal establishes that the amount in controversy is below the requisite amount for CAFA jurisdiction.**

As noted above, American Bankers asserts federal subject matter jurisdiction based solely upon CAFA. *See* Notice of Removal at ¶ 3. The basic elements of CAFA jurisdiction are: (1) an aggregate amount in controversy exceeding five million dollars ($5,000,000.00), exclusive of interest and costs; (2) a putative class with more than 100 members; and (3) minimal diversity, *i.e*., a class in which at least one member is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2).

CAFA jurisdiction, however, does not exist in this case because Plaintiff has bound himself and the Class to seeking less than the requisite amount. In *Bell v. Hershey Co*., 557 F.3d 953 (8th Cir. 2009), the Eighth Circuit addressed the intersection of CAFA, removal, and the amount in controversy requirement. Although the plaintiff in *Bell* had not filed any binding stipulation with his petition limiting his proposed class action to less than the CAFA jurisdictional amount, the Eighth Circuit clearly explained that he could have done so:

> In order to ensure that any attempt to remove would have been unsuccessful, [plaintiff] Bell could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand.

*Bell,* 557 F.3d at 958.

As the master of his complaint, who is free to ensure an Arkansas forum for this case and to seek to represent only Arkansas residents, Plaintiff has simply followed the roadmap provided by *Bell*, *i.e.* he included with his complaint the binding stipulation that the federal jurisdictional amount cannot be satisfied:

> I do hereby swear and affirm that I do not now, and will not at any time during this case, whether it be removed, remanded, or otherwise, seek damages for myself or any other individual class member in excess of $75,000 (inclusive of costs and attorneys' fees) or seek damages for the class as alleged in the complaint to which this stipulation is attached in excess of $5,000,000 in the aggregate (inclusive of costs and attorneys' fees).
>
> I understand that this stipulation is binding, and it is my intent to be bound by it.

*See* Sworn and Binding Stipulation of Edward Smith, attached as Ex. A to Complaint.

In addition to filing a binding stipulation, Plaintiff also expressly stated within the Complaint that the federal jurisdictional amount cannot be satisfied:

> However, neither Plaintiff's nor any individual Class Member's claim is equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and attorneys fees.  Plaintiff expressly stipulates to seek less than $75,000 total recovery, inclusive of costs and attorneys fees, individually or on behalf of any Class Member.  Moreover, the total aggregate damages of the Plaintiff and all Class Members, inclusive of costs and attorneys' fees, are less than five million dollars ($5,000,000), and the Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars ($5,000,000).  As such, there is neither diversity nor Class Action Fairness Act jurisdiction for this claim in federal court.

*See* Complaint at ¶ 11, attached to Notice of Removal (internal citations omitted).

The Prayer for Relief similarly seeks only compensatory damages from American Bankers for its breach of contract "which, when aggregated with all other elements of damages, costs, and fees,

will not exceed $75,000.00 for Plaintiff individually or any Class Member individually and/or $5,000,000.00 for the entire Class combined." *Id.* at Prayer for Relief, p. 12.

Ignoring the Eighth Circuit's clear statement that the class action plaintiff in *Bell* "could have" filed a binding stipulation with his complaint and thus "ensure[d] that any attempt to remove would have been unsuccessful," American Bankers argues that Plaintiff has no authority to file the stipulation.   In support of this argument, American Bankers cites a case decided by the Seventh Circuit.  *See* Notice of Removal at ¶ 14, citing *Back Doctors Ltd. v. Metropolitan Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).[2]   The *Back Doctors* court, however, provided <u>no authority</u> for such a broad statement and, indeed, the statement goes against both precedent and the practical realities of class action practice.

First, *Bell* could not be clearer that the class action plaintiff could have avoided CAFA jurisdiction by filing a binding stipulation before removal to limit the class's recovery.  *Bell,* 557 F.3d at 956.   Furthermore, as masters of their complaint, plaintiffs bringing class actions necessarily "limit" the recovery of the proposed class all the time by, for example, picking and choosing what causes of action and elements of damage to pursue.[3]  In fact, American Bankers

---

[2] *Back Doctors* does not involve a sworn, binding stipulation as in the present case.  Indeed, the court in *Back Doctors* specifically indicated that the plaintiffs could have limited the relief requested to an amount less than the jurisdictional minimum by filing a binding stipulation or affidavit to avoid federal jurisdiction.  *Back Doctors*, 637 F.3d at 831.  Clearly, *Back Doctors* supports the approach taken by Plaintiff here and the approach sanctioned in *Bell*.

[3] *See, gen., Bell,* 557 F. 3d at 956 ("The enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint.").  As explained by the Seventh Circuit, when a plaintiff brining a class action "prefers to be in state court … <u>**the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold**</u>." *Brill*, 427 F.3d at 449 (emphasis supplied); *see also Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006), cert. denied, 128 S. Ct. 66, 169 L. Ed. 2d 243 (2007) (plaintiffs may limit recovery in class action to avoid CAFA jurisdiction;  "[t]he Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction/ […]  CAFA does not change the proposition that the plaintiff is the master of her own claim."); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 at n. 5 (9th Cir. 2007) (noting, in a post-CAFA class action, that "[a] plaintiff may, of course, stipulate to damages in order to avoid federal jurisdiction, or the jurisdiction of particular federal courts."); *Darden v. Ford Consumer Finance Co., Inc.,* 200 F.3d 753, 755-56 (11th Cir. 2000) (noting that the question of class action jurisdiction to be decided by the court was "further narrowed because all Plaintiffs stipulate that each individual class member will neither request nor accept damages in excess of $75,000, exclusive of interests, costs and attorneys' fees").

**Plaintiff's Brief in Support of Motion to Remand - Page | 6**

argument that a plaintiff cannot limit the class recovery was expressly rejected even before *Bell*

in *Holcombe v. Smithkline Beecham Corp.,* 272 F.Supp.2d 792 (E.D. Wis. 2003):

> [The removing defendant] argues that the named plaintiffs cannot request damages on behalf of members of the proposed class in an amount less than such members might receive without violating their fiduciary duty to the class. However, the law in this circuit does not support [defendant's] argument. *See Brand Name Drugs,* 248 F.3d at 670-71 ("Had the plaintiffs, before the removal of the case to federal court, stipulated that they were seeking less than [the jurisdictional minimum], the court would have been required to remand the case to state court without further inquiry."); *Brand Name Drugs*, 123 F.3d at 607 ("The plaintiffs in this case, however, because they did not want their case removed to federal court, were careful to plead that the damages sought by each did not exceed [the jurisdictional amount] .... This is plausible .... And plausible or not, a plaintiff can always stay under the minimum amount in controversy by waiving his right to more."); *In re Amino Acid Lysine Antitrust Litig.,* 918 F.Supp. 1181, 1185 (N.D. Ill. 1996) (permitting plaintiff to unequivocally commit "each class member to the collection of no more than [the jurisdictional amount]").
>
> Further, strong policy reasons support this rule. **The fact that a plaintiff seeks to represent a class does not make the plaintiff any less the master of her own complaint. Like other plaintiffs, class action plaintiffs should be able to make strategic decisions concerning how to plead a case.** Judicial concern about a limitation on the value of claims may be addressed when the question of plaintiff's adequacy as a representative is considered.

*Holcombe*, 272 F.Supp.2d at 793 (emphasis supplied).

Also instructive is *Harris v. Sagamore Ins. Co*., 2008 WL 4816471 (E.D. Ark. Nov. 3, 2008) (appeal to the Eighth Circuit denied on January 13, 2009), in which the district court concluded that the amount in controversy requirement was not met in a putative class action where the complaint "expressly disclaim[ed] any damages exceeded $4,999,999." *Id.* at *1. The court noted that "CAFA does not change the proposition that the plaintiff is the master of her own claim" and that "the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold." *Id.* at *2 (internal quotation marks and citations omitted); *see also id.* at *3 ("This Court can say to a legal certainty that the Arkansas courts will not permit the plaintiff to recover damages for the class as a whole in excess of $4,999,99").

Similarly, a plaintiff bringing a class action can choose to limit the class to only state-law claims even though valuable federal claims may exist.    For example, in *Four Way Plant Farm, Inc. v. National Council on Compensation Ins. (NCCI),* 894 F. Supp. 1538 (M.D. Ala. 1995), the defendant attempted to justify removal jurisdiction by arguing the plaintiff should not be allowed to waive federal law claims on behalf of absent class members.  The court rejected the argument:

> Defendants' contention that federal jurisdiction can be grounded on plaintiffs' waiver of any federal claims is without merit. Whether plaintiffs, as representatives of a presently uncertified class, can waive any potential federal claims is an issue to consider when deciding whether the class should be certified or what class should be certified. As masters of their complaint, however, plaintiffs may choose to not avail themselves of any federal law. The question for the state court is whether, while waiving any potential federal claims, the plaintiffs will be satisfactory representatives of all the class members. Or, the matter may be considered in defining the class, so that the class would not include those wishing to assert a federal antitrust claim. The waiver of federal claims does not create a federal question.

*Four Way Plant Farm, Inc,* 894 F.Supp. at 1544.

A plaintiff can also limit the proposed class's recovery by choosing to not pursue any claims for punitive damages.  For example, in *Quebe v. Ford Motor Co.,* 908 F.Supp. 446 (W.D. Tex. 1995), the removing defendant argued that punitive damages must be included in calculating the amount in controversy because the plaintiff should be "forced" to assert such a claim on behalf of absent class members.  Again, the court rejected the argument:

> Undaunted with the fact that Plaintiffs have not pled for nor are they seeking punitive damages, the Defendants request that this Court "force" the Plaintiffs to amend their complaint and include a request for punitive damages. The Defendants fail to cite any case law that actually supports this novel proposition. Instead, the Defendants cite two district court cases where the courts refused to certify the plaintiff's case as a class action and made "passing" references to the potential problems of a plaintiff failing to allege a cause of action that they clearly were able to pursue.  …  While the failure to request punitive damages might possibly prevent the certification of the present case as a class action, this is a long way from requiring that the present plaintiffs plead a claim for punitive damages in order to proceed with their lawsuit.

*Quebe,* 908 F.Supp. at 453.

Along the same lines, a plaintiff can also choose to limit claims on behalf of a class to only statutory, liquidated damages even though absent class members may have viable claims for actual damages.  *See, e.g., Chakejian v. Equifax Information Services* LLC, 256 F.R.D. 492 (E.D. Pa. 2009).

Here, Plaintiff has decided to pursue his Arkansas state law claim for breach of contract on behalf of Arkansas residents in an Arkansas forum.  "In order to ensure that any attempt to remove [will be] unsuccessful," Plaintiff followed the steps outlined by the Eighth Circuit and filed "a binding stipulation"[4] with his state court Complaint which binds him and the Class to "not seek damages greater than the jurisdictional minimum upon remand."  *Bell,* 557 F. 3d at 958. "Like other plaintiffs, class action plaintiffs should be able to make strategic decisions concerning how to plead a case." *Holcombe*, 272 F.Supp.2d at 793.   "Judicial concern about a limitation on the value of claims may be addressed when the question of plaintiff's adequacy as a representative is considered."  *Holcombe*, 272 F.Supp.2d at 793.

CAFA does not take away the right of a plaintiff to avoid federal jurisdiction.  When CAFA was enacted in 2005, it was well established that a plaintiff could choose to frame his lawsuit in such a manner as to avoid federal jurisdiction, including by filing a binding stipulation

---

[4] There can be no doubt that the stipulation in this case is binding.  Unsurprisingly, sworn stipulations by a litigant are "valid and binding" under Arkansas law. *See gen. Linehan v. Linehan,*  8 Ark. App. 177, 649 S.W.2d 837, 839 (Ark.App. 1983); *see, also, e.g., See Brown v. Keaton*, 232 Ark. 12, 334 S.W.2d 676 (1960) (in action for damages arising out of a truck collision, jurors were bound by stipulations as to amount of damages.).    Furthermore, Arkansas courts obviously do not allow a litigant to contradict such a clear and direct sworn statement.  *See Caplener v. Bluebonnet Milling Co.,* 322 Ark. 751, 911 S.W.2d 586 (1995) (holding party could not contradict sworn testimony with subsequent affidavit).  In *Caplener*, the Arkansas Supreme Court cited and followed the Eighth Circuit's decision in *Camfield Tires, Inc. v. Michelin Tire Corp*., 719 F.2d 1361, 1364-65 (8th Cir. 1983). Indeed, a long line of Eighth Circuit cases further illustrates that the sworn stipulation in the present case is "binding."  *See, e.g. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co*., 49 F.3d 399 (8th 1995) (affidavits by witnesses which contradicted their previous sworn statements were not competent evidence); *Frevert v. Ford Motor Co.,* 614 F.3d 466, 474 (8th Cir. 2010) (party could not contradict previous statements in petition and interrogatory responses).

to limit the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 294, 58 S.Ct. 586 (1938) ("If [the plaintiff] does not desire to try his case in the federal court **he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove**.") (emphasis supplied); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) ("[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints").[5]

"In searching for the will and intent, it is to be assumed that Congress was aware of established rules of law applicable to the subject matter of the statute and thus, upon enactment, the statute is to be read in conjunction with the entire existing body of law." *Kansas City, Mo. v. Federal Pac. Elec. Co*., 310 F.2d 271, 275 (8th Cir. 1962); *see also Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Nothing that Congress included in CAFA suggests that a plaintiff alleging a class action is somehow prevented from "suing for less than the jurisdictional amount." *See St. Paul Mercury*, 303 U.S. at 294.

Rather, as the Eighth Circuit has stated, "[t]he enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint." *Bell,* 557 F. 3d at 956; *see also Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005). As a result, "to ensure that any attempt to remove [will be] unsuccessful," a CAFA plaintiff simply needs to include "a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand" **even if** it does so for the clear purpose "to evade federal

---

[5] *See also, gen., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 107 S.Ct. 2425 (1987) ("plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"); *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("Of course the party who brings a suit is master to decide what law he will rely upon").

jurisdiction." *Bell,* 557 F.3d at 955 and 958. Plaintiff has included precisely such a binding stipulation with his Complaint.

In addition to *Bell*, numerous federal district courts in Arkansas, including this Court, have specifically held that a plaintiff's binding stipulation to limit his/her potential recovery to less than $5 million precludes federal jurisdiction under CAFA. *See Thompson v. Apple, Inc.*, 2011 WL 2671312 (W.D. Ark., July 8, 2011); *Murphy v. Reebok International, Ltd.,* 2011 WL 1559234 (W.D. Ark., April 22, 2011); *Turberville v. New Balance Athletic Shoe, Inc.*, 2011 WL 1527716 (W.D. Ark., April 21, 2011); *Tomlinson v. Skechers U.S.A., Inc.*, Case No. 5:11-cv-05042-JLH (W.D. Ark., May 25, 2011); *Harris v. Sagamore Ins. Co.*, 2008 WL 4816471 (E.D. Ark., November 3, 2008).

Given Plaintiff's binding stipulation, it is a legal impossibility that Plaintiff will ever recover more than $5 million in the aggregate in this case. *See Bell,* 557 F. 3d at 958. This Court, therefore, lacks subject matter jurisdiction, and the case must be remanded.

**C.    Even absent Plaintiff's binding stipulation, American Bankers has failed to meet its burden.**

Even assuming that Plaintiff's binding stipulation did not preclude the jurisdiction of this Court, Plaintiff's motion to remand should still be granted because American Bankers has wholly failed to meet its burden. Indeed, American Bankers admits the amount in controversy related to Plaintiff's breach of contract claim is well below the $5 million threshold for CAFA jurisdiction. CAFA did not change "the traditional rule that the party attempting to remove bears the burden of establishing subject matter jurisdiction" by a preponderance of the evidence. *Bell,* 557 F.3d at 956.

Determining whether the amount in controversy is sufficient to support federal court jurisdiction is a "fact intensive" inquiry. *Id.* at 956. The party asserting federal jurisdiction must

support its allegations with "competent proof."  *McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542  (7th Cir. 2006) ("**admissible evidence (that's what "competent" proof means)**") (emphasis supplied); *see also Jil McCorkindale v. American Home Assurance Company/A.I.C.*, 909 F.Supp. 646, 656 (N.D. Iowa 1995)( "because '[r]emoval ... cannot be based simply upon conclusory allegations,'" a party must "submit a sworn affidavit stating facts that establish to a reasonable probability the monetary value of the damages plaintiff sought at the time the complaint was filed") (emphasis in original).   "Specific facts or evidence are required to demonstrate that the jurisdictional amount is met." *Russell v. B-Sew Inn, LLC*, 2008 WL 4831448, *2, citing *Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).

In the present case, American Bankers' only purported "evidence" to support its allegation that the amount in controversy exceeds $5 million is its improper attempt to rewrite Plaintiff's Complaint to include claims that are not asserted.  Such speculation is not evidence at all.  It is well settled that, "a removing defendant can't make the plaintiff's claim for him." *Bell,* 557 F.3d at 956, quoting *Brill*, 427 F.3d at 449; *see also Johnson v. Advance America,* 549 F.3d 932, 937 (4th Cir. 2008) ("To be sure, the plaintiffs in this case have taken care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA. Yet the plaintiffs, as masters of their complaint, can choose to circumscribe their class definition in this way. "); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (holding, in a class action, that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.").

1.      **Plaintiff's Complaint asserts a breach of contract claim only.**

Contrary to American Bankers' attempts to confuse and complicate the matters asserted in Plaintiff's Complaint, a simple review of the Complaint clearly reveals that the only claim asserted by Plaintiff is a claim for breach of contract.  *See* Complaint, attached to Notice of Removal.  Moreover, Plaintiff's Complaint clearly seeks damages associated with his breach of contract claim only.  *Id.* at ¶ 31 and Prayer for Relief, p. 12.

There is no need to speculate about the amount of any potential aggregate recovery for the Class related to Plaintiff's breach of contract claim because American Bankers has already determined this amount.  American Bankers admits the amount of compensatory damages placed at issue in the Complaint for Plaintiff's breach of contract claim is $2,013,677.  *See* Notice of Removal at ¶ 17.  Similarly, American Bankers calculates the aggregate 12% penalty for failure to pay insurance policy benefits as $241,641.  *See* Notice of Removal at ¶ 18.  Pursuant to American Bankers' own calculations, the total amount recoverable by Plaintiff and the Class for their breach of contract damages and 12% penalty is $2,255,318 ($2,013,677 + 241,641).  Finally, American Bankers indicates an attorney fee of 30% - 40% of the total amount recovered by the Class could be awarded by the Court.  *See* Notice of Removal at ¶ 24.  Based on American Bankers' own calculation of $2,255,318 in damages, a 40% attorney fee would be $902,127.  Thus, total aggregate damages for breach of contract, a 12% penalty and attorney fees is $3,157,445.  By American Bankers' own calculations, the amount in controversy is well below the CAFA $5 million jurisdictional amount.

Although admitting Plaintiff's Complaint seeks aggregate damages well below $5 million for breach of contract, American Bankers attempts to rewrite Plaintiff's Complaint to include claims that were not made and damages that were specifically disclaimed.  Indeed, the majority

of Defendant's Notice of Removal is an exercise in speculation and imagination. Although Plaintiff's Complaint contains no claims other than breach of contract, Defendant makes the specious argument that some unspecified amount for "potential claims" for "fraud or intentional misrepresentation, bad faith or breach of fiduciary duty, and fraudulent concealment, and potential claims for punitive damages" must be included in the Court's determination of the amount in controversy. *See* Notice of Removal at ¶ 20. In an attempt to support this blatant mischaracterization of Plaintiff's Complaint, American Bankers argues:

> The Complaint at issue alleges that American Bankers affirmatively engaged in dishonest, malicious and oppressive conduct, and "actively concealed information about entitlement to GCOP and represented that the amount paid was all that was owed under the homeowners policy." Complaint ¶¶ 32-35. If the allegations of the Complaint were proven, and all of American Bankers' defenses disregarded, plaintiff and the putative class could thereby prove a bad faith claim and be entitled to common law bad faith compensatory and punitive damages.

*See* Notice of Removal at ¶ 20.

The language American Bankers attempts to rely on to invent this cornucopia of alleged tort claims relates to Plaintiff's allegation of fraudulent concealment which is made for the sole purpose of tolling the statute of limitations. Such allegations do not constitute a claim for bad faith, fraud or any other claims American Bankers may imagine. Indeed, American Bankers ignores the final paragraph of Plaintiff's allegations related to fraudulent concealment which clearly explains:

> Defendant's fraudulent concealment tolls the running of any applicable statute of limitations. Plaintiff is not asserting a cause of action or seeking damages for fraud, but is pleading fraudulent concealment for the sole purpose of tolling the statute of limitations. Indeed, fraudulent concealment is not a cause of action, and is simply a response against the defense of statute of limitations. *See Barre v. Hoffman*, 2009 Ark. 373, 326 S.W. 3d 415; *Jones v. Central Ark. Radiation Therapy Inst., Inc.*, 270 Ark. 988, 607 S.W.2d 334 (1980).

*See* Complaint at ¶ 36, attached to Notice of Removal.

**Plaintiff's Brief in Support of Motion to Remand - Page | 14**

American Bankers' attempts to rewrite Plaintiff's Complaint to include tort claims which were not asserted is nothing more than gamesmanship and should not be tolerated by this Court. As previously discussed, a removing defendant cannot make the plaintiff's claims for him. *Bell,* 557 F.3d at 956, quoting *Brill*, 427 F.3d at 449; *see also Johnson v. Advance America,* 549 F.3d 932, 937 (4th Cir. 2008); *Garbie v. DaimlerChrysler Corp*., 211 F.3d 407, 410 (7th Cir. 2000).

In an attempt to circumvent this well-settled law, Defendant cites *Back Doctors Ltd. v. Metropolitan Prop. & Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011), alleging Plaintiff "cannot throw away the putative class' potential bad faith compensatory and punitive damages claims based on the allegations of fraud or intentional misrepresentation, bad faith or breach of fiduciary duty, and fraudulent concealment contained in the Complaint."  *See* Notice of Removal at ¶ 14. Defendant's reliance on *Back Doctors* is wholly unsupported in the current case.  First, the Eighth Circuit has specifically indicated a plaintiff can limit the recovery of a putative class to avoid removal under CAFA.  *Bell*, 557 F.3d at 958.  Second, the court in *Back Doctors* specifically indicated the plaintiffs could have limited their damages and avoided removal under CAFA by filing a binding stipulation or affidavit with the complaint indicating they were seeking an amount less than the jurisdictional minimum.  *Back Doctors*, 637 F.3d at 831.  This is precisely what Plaintiff did in the current case.

As previously discussed, various courts have determined that a plaintiff is free to limit their claims in any manner they see fit to avoid federal jurisdiction under CAFA.  The District Court for the Eastern District of Arkansas reasoned:

> The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") CAFA does not change the

proposition that the plaintiff is the master of her own claim. *See, e.g.,* [*Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005)] (noting that "a removing defendant can't make the plaintiff's claim for him; as master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold").

*Harris v. Sagamore Ins. Co.*, 2008 WL 4816471 (E.D. Ark. November 3, 2008); *quoting*, *Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006).

"The existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1215 (11th Cir. 2007). Other than rank speculation, American Bankers has provided no relevant evidence to support their claim that the Court should rewrite Plaintiff's Complaint to include tort claims and damages he did not assert. American Bankers has clearly failed to meet its burden to show by a preponderance of the evidence that the amount in controversy in this case exceeds $5 million. Thus, even assuming Plaintiff had not bound himself and the Class to recovering less than the amount required for jurisdiction in this Court, the Motion to Remand should still be granted.

### 2.    No amount of punitive damages is in controversy.

In its continuing effort to create federal jurisdiction where it does not exist, American Bankers asserts that the Court must include a calculation for punitive damages despite the fact that Plaintiff has made no claim that would support punitive damages and has specifically disclaimed any entitlement to punitive damages. *See* Notice of Removal at ¶ 19 - 23.

Punitive damages are not added to the amount in controversy when they cannot be recovered under the applicable state law. *Bell v. Preferred Life Assur. Soc'y*., 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Hedberg v. State Farm Mut. Automobile Ins. Co.,* 350 F.2d 924 (8th Cir. 1965); *Ringsby Truck Lines Inc. v. Beardsley*, 331 F.2d 14 (8th Cir. 1964). Under well-settled Arkansas law, punitive damages can only be obtained "when the pleadings ask for

punitive damages." *Allred v. Demuth*, 319 Ark. 62, 890 S.W.2d 578, 582 (Ark. 1994). Moreover, Plaintiff's breach of contract claim does not support a punitive damage award. *See McClellan v. Brown*, 632 S.W.2d 406, 407 (Ark. 1982), citing *Snow v. Grace*, 25 Ark. 570 (1869) ("Punitive damages are not ordinarily recoverable for breach of contract.").

In this case, Plaintiff's Complaint specifically states: "Although asserting no cause of action that would support a punitive damage award, plaintiff specifically disclaims any actual or potential entitlement to punitive damages and stipulates that he will not seek punitive damages in this action." *See* Complaint at ¶ 11 and Prayer for Relief, p. 13, attached to Notice of Removal. Thus, punitive damages are clearly not at issue. *See Dembski v. American Honda Motor Co., Inc.*, 2006 WL 2331178 (W.D. Mo. August 10, 2006) (remanding case where "plaintiffs, in their reply brief, explicitly state that they are not making claims for punitive damages"); s*ee also, Quebe,* 908 F.Supp. at 453*; Wood v. General Motors Corp.*, 2010 WL 3613812, *10 (E.D.N.Y. August 23, 2010) ("because Plaintiffs do not assert punitive or exemplary damages in connection with any breach of warranty cause of action they have pled … punitive damages cannot be used to meet the amount in controversy threshold."); *Brealey v. Cox Communications*, 2010 WL 1727854, *2 (S.D. Cal. April 28, 2010) ("Cox also argues that punitive damages … may fill the gap in the amount in controversy. … However, Cox' argument is rejected because Plaintiff is not seeking punitive damages."); *Styx v. Wells Fargo Bank, N.A.*, 2010 WL 1253971 (N.D. Ill. March 24, 2010) ("Because an Illinois court would not award punitive damages based on the second amended complaint as alleged, the possibility of punitive damages cannot get Wells Fargo past the jurisdictional threshold.").

In support of its argument, American Bankers alleges Plaintiff could recover damages he did not plead pursuant to Rule 54(c). *See* Notice of Removal at ¶ 20. Of course, under Rule

54(c), "[a] party will not be granted relief that is not pled when it would unduly prejudice the opposing party." *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 532 (8th 2010); *Baker v. John Morrell & Co.,* 382 F.3d 816, 831-32 (8th Cir. 2004).   For example, in *Bowles v. Osmose Utilities Services, Inc*., 443 F.3d 671 (8th Cir. 2006), the court allowed recovery of punitive damages which had not been requested in the pleading only after finding that the defendant was not prejudiced because it had been "unarguably on notice of [the plaintiff's] intention to seek punitive damages" due to the types of claims that had been pled, to discovery requests regarding defendant's net worth, to pre-trial disclosures stating an intent to seek punitive damages, and to the defendant's ability to call all witnesses needed at trial.  The circumstances in *Bowles* are nothing like the present case.

Here, American Bankers has been put "unarguably on notice" that Plaintiff is not seeking punitive damages.  In the present case, Plaintiff is stating as clearly and directly as possible that he has not, does not, and will not seek or accept any punitive damages in this case.  Given such a clear and direct disclaimer, any attempt to recover punitive damages later in this litigation would obviously "unduly prejudice" American Bankers.  Because American Bankers would be able to readily establish undue prejudice, Plaintiff and the Class "will not be granted" punitive damages. *See Trim Fit, LLC*, 607 F.3d at 532.  In these circumstances, American Bankers has not shown by a preponderance of the evidence that Plaintiff is likely to recover any punitive damages, much less any particular amount of punitive damages.

In the removal context, "a claim for punitive damages is to be given closer scrutiny" than a claim for compensatory damages, with all doubts resolved against federal jurisdiction.  *See Larkin*, 41 F.3d at 388-89.  In the present case, Defendant has not shown by a preponderance of the evidence that Plaintiff could recover any punitive damages.

D.      **Chicken Little, the sky is falling.**

At its core, American Bankers' Notice of Removal is premised on unfounded hysteria that the sky might be falling:  What if Plaintiff really seeks more than $5 million, even though he has filed a binding stipulation?  What if Plaintiff really is seeking punitive damages, even though he has disclaimed them?  What if the court in *Bell* really did not mean what it said about filing binding stipulations?  What if Plaintiff cannot bind the class with his stipulation, even though the Eighth Circuit said that he could?

CAFA has taken care of these "what ifs" by eliminating the requirement that cases must be removed within one year of filing and instead allowing cases with CAFA jurisdiction to be removable at any time, assuming they are removable.  *See e.g. Bartnikowski v. NVR Inc.*, 307 Fed. Appx. 730, 739 (4th Cir. 2009)("a CAFA defendant who cannot meet his burden for removal at the early stages of litigation may still have recourse to the federal courts later, as Congress has eliminated the one-year time limit on CAFA removal actions"); *see also Lowdermilk v. U.S. Bank Nat'l Assoc.,* 479 F.3d 994, 1002-03 (9th Cir. 2007).

Thus, this Court need not base federal court jurisdiction upon various "what if" scenarios argued by American Bankers that will never occur.  Instead, the Court need only look at the present realities of this case to determine that the amount in controversy does not meet the minimum jurisdictional limits set forth by Congress.  In the event any of American Bankers' "what ifs" come true during the pendency of this case, it has the right to remove the case again, even if the matter has been on file for more than one year.  Chicken Little is thus always protected in the event that the sky does start to fall.  Until that time, American Bankers' arguments about what might happen in the future are premature at best and cannot form the basis of federal court jurisdiction.  Thus, under the actual facts and the record that exist at this time,

this case belongs in Arkansas state court to adjudicate Plaintiff's state-law claim on behalf of residents of Arkansas who are collectively seeking less than the jurisdictional limits of this Court.

### CONCLUSION

For all these reasons, American Bankers has failed to meet its burden of presenting specific facts and evidence demonstrating by a preponderance of the evidence that the jurisdictional amount is met, and Plaintiff has shown to a legal certainty that his claim is for less than $5 million.   This Motion to Remand must therefore be granted.

Respectfully submitted,

By:   /S/  WILLIAM B. PUTMAN
W. H. TAYLOR, #81154
WILLIAM B. PUTMAN, #91198
**TAYLOR LAW PARTNERS**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR  72703
Telephone:    (479) 443-5222
Facsimile:     (479) 443-7842

MATT KEIL, #86099
JOHN C. GOODSON, #90018
**KEIL & GOODSON, P.A.**
406 Walnut Street
Texarkana, AR  71854
Telephone:    (870) 772-4113
Facsimile:     (870) 773-2967

JASON ROSELIUS, #2009014
DOUGLAS TERRY, #2009104
DERRICK MORTON, #2009105
**NELSON, ROSELIUS, TERRY & MORTON**
P.O. Box 138800
Oklahoma City, OK 73113
Telephone:    (405) 705-3600
Facsimile:     (405) 705-2573

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, William B. Putman, hereby certify that on the 21st day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of the filing to all counsel of record.


/S/ WILLIAM B. PUTMAN
WILLIAM B. PUTMAN, #91198