IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD F. SMITH, individually and as class
representative on behalf of all similarly situated persons,                          PLAINTIFFS

v.                                    No. 2:11-cv-02113

AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Expedited Motion to Stay Remand Order Pending Review and Memorandum in Support (Docs. 30-31), and Plaintiffs' Response in Opposition (Doc. 32). Defendant requests that the Court enter an Order staying remand of this case to the Circuit Court of Crawford County, Arkansas, pending Defendant's request for appellate review of this Court's remand Order of December 7, 2011 (Doc. 29). Defendant maintains that it will be prejudiced if the case is not stayed in state court during the appellate process. For the reasons reflected herein, Defendant's Motion (Doc. 30) is **DENIED**.

**I. Background**

Defendant removed this action to this Court from the Circuit Court of Crawford County, Arkansas, on June 11, 2011, pursuant to the Class Action Fairness Act ("CAFA") of 2005, codified at 28 U.S.C. §§ 1332 (d), 1453, and 1711-1715. On December 7, 2011, this Court entered an Order remanding the case back to state court (Doc. 29). Defendant then filed a petition for permission to appeal with the Court of Appeals for the Eighth Circuit pursuant to 20 U.S.C. § 1453 (c) (1). If the Court of Appeals grants permission to appeal this Court's remand Order, all action on the appeal must be completed within 60 days after the date on which the appeal is filed. *Id.* at §1453 (c) (2).

## II. Standard of Review

When deciding a motion for stay pending appellate review, a court considers the following four factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the moving party absent a stay; (3) the prospect of harm to opposing parties if the stay is granted; and (4) the public interest in granting the stay. *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 423 (8th Cir. 1996). "Ultimately [the court] must consider the relative strength of the four factors, 'balancing them all.'" *Brady v. NFL*, 640 F.3d 785, 789 (quoting *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994). A stay is granted when the appeal presents "serious" legal issues, and the balance of equities favors the stay applicant. *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 545 (8th Cir. 1982).

## III. Discussion

In examining each of the four factors justifying a stay pending appellate review, it is clear that no stay is warranted. Beginning with the first factor, it appears to the Court that the Defendant's appeal of the Court's remand order has little to no likelihood of success. The Court's opinion ordering remand was made after careful consideration of the parties' briefing of the issues and a thorough review of the relevant precedent, including the precedent established by the Eighth Circuit in the case of *Bell v. Hershey*, 557 F.3d 953 (8th Cir. 2009). In *Bell*, the Court of Appeals found that federal courts lack CAFA jurisdiction when a plaintiff files a binding stipulation along with his complaint attesting that he will not seek more than $5,000,000 in damages in the aggregate for the purported class. Following the Eighth Circuit's decision in *Bell*, multiple federal district courts began remanding cases to state courts when such cases involved binding plaintiff stipulations. Of particular note is the case of *Tomlinson v. Skechers U.S.A.*, Inc., Western District of Arkansas, Civil

Action No. 11-05042, which was a CAFA case that was remanded to state court due to a lack of subject matter jurisdiction in light of the plaintiff's binding stipulation. When the *Tomlinson* defendant petitioned for permission to appeal the remand order, the Eighth Circuit denied the request, and the U.S. Supreme Court also denied the defendant's petition for writ of certiorari that followed. Almost identical circumstances occurred recently in the case of *Tuberville v. New Balance Athletic Shoe*, Western District of Arkansas, Civil Action No. 11-1016, when the Eighth Circuit denied plaintiffs' petition to file an interlocutory appeal based on the district court's order remanding the case to state court. The basis for the remand decision in *Tuberville* was also a lack of subject matter jurisdiction when the named plaintiff's binding stipulation limited the potential amount in controversy. Both *Tomlinson* and *Tuberville* relied on the Eighth Circuit's holding in *Bell*, and it appears evident from the Eighth Circuit's denial of appellate review in both of those cases that appeal of the case at bar has little likelihood of success.

In reviewing the second factor, the Court finds that Defendant is unlikely to suffer irreparable harm if this matter is not stayed in state court. Defendant maintains that its time would be better spent pursuing its appeal of this Court's remand Order rather than embarking on discovery and class certification questions that will be pending in state court. Primarily the Court observes that both parties will be required to expend time and resources on discovery and class certification issues during the pendency of this litigation, and delaying the process on the off chance that the Court of Appeals will review the case is counter-productive. Furthermore, the CAFA statute requires that the Court of Appeals complete any review of a remand order within 60 days, and this expedited review process undercuts Defendant's argument that it would suffer harm through time and resources "wasted" in state court.

The third factor also militates against a stay. Plaintiffs are likely to suffer a risk of harm if a stay is granted, and thus, there is no cause to delay this matter further. Plaintiffs filed their Complaint in state court in May 2011. Only now, seven months later, is the case returning to the court in which it was originally filed following the removal process. There is no justification for delaying Plaintiffs' opportunity to obtain relief from the damages they are alleged to have suffered.

Finally, considering the fourth factor for a stay order, the Court determines that the public will not be harmed if this case continues to be litigated in state court. Considering the unlikelihood of success of Defendant's petition to the Eighth Circuit, no judicial resources are likely to be wasted if the case continues forward in state court. The parties must begin the substantive discovery process in this case at this time, regardless of whether it is supervised in state court or another forum.

## IV. Conclusion

For the reasons reflected herein, Plaintiff's Expedited Motion to Stay Remand Order Pending Review (Doc. 30) is **DENIED**.

IT IS SO ORDERED this 21st day of December, 2011.

/s/ P. K. Holmes, III
    **P.K. HOLMES, III**
    **UNITED STATES DISTRICT JUDGE**